IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

HAMID MICHAEL HEJAZI,

    Plaintiff,

vs.

RISE SERVICES, INC.,

    Defendant.

Case No. 6:18-cv-02102-AA
**OPINION AND ORDER**

AIKEN, District Judge:

Before the Court are pro se plaintiff Hamid Michael Hejazi's Motion for Extension of Discovery (doc. 44), Motion for an Order (doc. 48), and Motion for Leave to File an Amended Complaint (Doc. 49). For the reasons that follow, the motions are DENIED.

**I.** *Motion for Extension of Discovery (doc. 44)*

On February 18, 2021, plaintiff filed a motion asking for a 30-day extension of the February 28, 2021 discovery deadline in this case. Under Federal Rule of Civil

Procedure 16, "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The "good cause" standard "primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "If the party seeking the modification was not diligent, the inquiry should end and the motion to modify should not be granted." *Zivkovic v. Southern California Edison Co.*, 302 F.2d 1080, 1087 (9th Cir. 2002) (internal quotation marks and citation omitted). The Court has already extended the discovery deadline three times. Docs. 14, 36, 43. Plaintiff asserts that this fourth extension is necessary because defendant "has yet to disclose any information, records, or things in this case." Doc. 44 at 1. But that assertion is not supported by defendant's status report and defense counsel's sworn declaration, which demonstrate that defendant responded to plaintiff's December 2020 request for production and supplemented those responses on February 17, 2021. Docs. 45, 46. Under these circumstances, the Court cannot find that plaintiff has been diligent in pursuing discovery or that good cause exists to extend discovery further.

## II.   *Motion for Order (doc. 48)*

Next, plaintiff has filed a "Motion for an Order, given Under our Protective Seal, that the Individual Child's, Whose Care is at Issue, Name be Disclosed to Plaintiff, for Use in Lawful Requests for Records to be Made of Authorities" (doc. 48). In it, he seeks an order compelling defendant to give him the full name of the child who is identified by the initials "H.L." in the redacted records produced by defendant. The Court construes plaintiff's request as a motion to compel.

The Federal Rules of Civil Procedure establish a liberal framework for obtaining discovery. Fed. R. Civ. P. 26; *see also Hickman v. Taylor,* 329 U.S. 495, 505 (1947). Under Federal Rule of Civil Procedure 26, a party may "obtain discovery of any matter, not privileged, that is relevant to the claim or defense of any party. . . . Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). For purposes of discovery, the definition of relevancy "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351 (1978). Consistent with the liberal, notice pleading standards, "discovery is not limited to issues raised in the pleadings, for discovery itself is designed to help define and clarify the issues." *Id.*

"If [d]efendants object to one of [p]laintiff's discovery requests, it is [p]laintiff's burden on his motion to compel to demonstrate why the objection is not justified." *E.g., Carter v. Dawson,* No. 1:07–cv–01325–OWW–SMS, 2011 WL 1806497, at *1 (E.D.Cal .2011). "In general, [p]laintiff must inform the [c]ourt which discovery requests are the subject of his motion to compel, and, for each disputed response, inform the [c]ourt why the information sought is relevant and why [d]efendants' objections are not meritorious." *E.g., Id.*

Plaintiff asserts that he needs the child's full name to request public records concerning H.L. from "relevant local authorities" including "Lane County Developmental Services, Lane County Child Protective Services, Peace Health, and

Page 3 – OPINION AND ORDER

the Eugene Police Department." Doc. 48 at 1. Plaintiff intends to use the records to show that defendant's employees were "in-fact engaged in unlawful endangerment and abuse of children—as a precursor to terminating Plaintiff unlawfully." *Id.* at 2. Although this adequately explains why the child's full name is relevant, plaintiff failed to address defendant's objection that the name is privileged. *See* Def's Resp. to Mot. for Order (doc. 54) at 3–4. Additionally, plaintiff has not shown that he needs the child's full name to make the public records requests. He has not explained why he could not obtain the same records by using appropriate date ranges, the initials, and the names of defendant's employees.

### III.   *Motion for Leave to Amend (doc. 49)*

Finally, plaintiff seeks leave to file an amended complaint to add claims for violations of his First Amendment and *Weingarten* rights and for retaliation for invoking those rights. Because litigation of these claims would require additional discovery, and the discovery deadline has passed, plaintiff must show good cause for amending the court's scheduling order under Rule 16(b)(4), which, as discussed above, involves consideration of plaintiff's diligence, and that "justice . . . requires" that this Court grant leave to amend under Rule 15(a)(2).

The Court cannot find that plaintiff was diligent in requesting leave to add these claims over two years after filing the Complaint. Both parties' exhibits demonstrate that plaintiff knew of these potential violations before he even brought this action against defendant. Plaintiff asserts that the fact that he sought records related to these claims in his December 2020 discovery requests demonstrate that he

acted diligently. But that further underscores his earlier knowledge of these claims. Plaintiff also asserts that his copy of the original Complaint was stolen from him and he did not remember that the Complaint did not include these claims until defendant responded to his discovery requests in February 2021 and the Court sent him a copy of the notice of removal. But that, too, demonstrates a lack of diligence. "If [the] party [seeking the schedule modification] was not diligent, the inquiry should end[,]" *Johnson*, 975 F.2d at 609, so this Court need not address whether leave to amend would be appropriate under Rule 15. Nevertheless, the Court agrees with defendants that, on balance, the four factors that courts consider under Rule 15(a)(2)—bad faith, undue delay, prejudice to the opposing party, and futility—weigh against granting leave to amend.

The Court has considered plaintiff's pro se status, current incarceration, and past periods of incarceration during this action in making this determination. And both the Court and defendant have made significant accommodations for these circumstances over the past 27 months. At this point, the case must proceed past the pleadings and discovery phases.

//
//
//
//
//
//

Page 5 – OPINION AND ORDER

## CONCLUSION

For the reasons above, plaintiff's Motion for Extension of Discovery (doc. 44), Motion for an Order (doc. 48), and Motion for Leave to File an Amended Complaint (Doc. 49) are DENIED. Pursuant to the Court's March 3, 2021 Order (doc. 50), Dispositive Motions are due by 5/10/2021, Responses to Dispositive Motions are due by 6/1/2021, and Replies to Dispositive Motions are due by 6/15/2021.

IT IS SO ORDERED.

Dated this 9th day of April 2021.

/s/Ann Aiken

Ann Aiken
United States District Judge